ENDORSED
Fourth Judicial District Court
San Miguel, Mora & Guadalupe

DEC 2 8 2011

Fred A. Sena
District Court Clerk
HJT
Deputy Clerk

FOURTH JUDICIAL DISTRICT COURT
COUNTY OF SAN MIGUEL
STATE OF NEW MEXICO

NOREEN SALAZAR, Individually, and as
Wrongful Death Personal Representative of
THE ESTATE OF JOSEPH PORTILLO,

       Plaintiff,

Vs.

       Cause No. D412CV 2011-640

GINA BOCANEGRA,
MICHAEL MOST TRUCKING, INC.,
an Arizona For-Profit Corporation, and
DESERT TRAILER SYSTEMS, INC.,
an Arizona For-Profit Corporation,

       Defendants.

---

**COMPLAINT TO RECOVER DAMAGES FOR WRONGFUL DEATH,
LOSS OF CONSORTIUM, SPOLIATION OF EVIDENCE AND OTHER
DAMAGES UNDER THE NEW MEXICO WRONGFUL DEATH ACT
AND NEW MEXICO STATUTORY AND COMMON LAW**

---

      COMES NOW the Plaintiff Noreen Salazar, Individually, and as Wrongful

Death Personal Representative of the Estate of Joseph Portillo, Deceased, and

brings the following causes of action against Defendants pursuant to the New

Mexico Wrongful Death Act, NMSA 1978 §§ 41-2-1, *et seq.*, and New Mexico

statutory and common law.

1


EXHIBIT
A

## PARTIES AND JURISDICTION

1. At the time of his death on December 29, 2010, Joseph Portillo (hereinafter "Joseph" or "Decedent"), age 18, resided in San Miguel County, New Mexico.

2. Plaintiff Noreen Salazar is a resident of San Miguel County, New Mexico, and is Decedent's biological mother.  Following Decedent's tragic death, Plaintiff was duly appointed wrongful death personal representative of Decedent's Estate; said Estate having been filed in San Miguel County, New Mexico.

3. Defendant Michael Most Trucking, Inc. (hereinafter "Defendant Michael Most Trucking") is a for-profit Arizona corporation engaged in the operation of a sizeable interstate commercial trucking/fleet transportation business, and is a motor carrier as defined in the Federal Motor Carrier Act and the New Mexico Motor Carrier Act, with its principal place of business in Arizona being 540 S. 55th Ave., Phoenix, Arizona 85043.

4. Defendant Gina Bocanegra (hereinafter "Defendant Bocanegra") is a resident of Maricopa County, Arizona, operates commercial motor vehicles with and for Defendant Michael Most Trucking, Inc., and is a motor carrier as defined in the Federal Motor Carrier Act and the New Mexico Motor Carrier Act. Upon information and belief, Defendant

Bocanegra is over the age of majority, is not on active duty with any branch of the United States Armed Forces, and is otherwise sui generis and subject to the jurisdiction of this Court.

5.  Defendant Desert Trailer Systems, Inc. (hereinafter "Defendant Desert Trailer Systems") is a for-profit Arizona corporation engaged in the sale, leasing, servicing and interstate operation of commercial vehicles, including commercial trailers, and is a motor carrier as defined in the Federal Motor Carrier Act and the New Mexico Motor Carrier Act, with its principal place of business being 2733 W. Buckeye Road, Phoenix, Arizona 85009.

## FACTUAL BACKGROUND

6.  Defendant Bocanegra is a professional truck driver and drives commercial vehicles, including commercial vehicles for and/or belonging to Defendants Michael Most Trucking and Desert Trailer Systems.

7.  On December 29, 2010, Defendant Bocanegra was scheduled to drive a loaded commercial tractor/trailer unit through New Mexico and north to Colorado on Interstate 25.

8.  The commercial tractor/trailer unit Defendant Bocanegra operated on December 29, 2010 was having major axle, drive train and drive shaft mechanical problems (hereinafter the "broken tractor/trailer"), and was

otherwise improperly equipped with lighting or retroreflective sheeting or reflex reflectors.

9. Defendants Bocanegra, Michael Most Trucking and Desert Trailer Systems knew or should have known about the vehicles' major mechanical problems and/or that they were otherwise improperly equipped to be operated on the highways of New Mexico.

10. While in route to Colorado, Defendant Bocanegra alerted dispatchers at Defendant Michael Most Trucking about the major mechanical problems she was having with the broken tractor/trailer. Despite being informed of the broken tractor/trailers' major and unsafe mechanical problems, dispatch advised her to continue driving north to Trinidad (albeit at a slow speed) to deliver her current load, then to reload in Trinidad and to head south to Albuquerque, and then to the TA Truck Stop to address the broken tractor/trailers' major mechanical problems.

11. Defendant Bocanegra continued driving the broken tractor/trailer as instructed by Defendant Michael Most's dispatcher's, employees and/or agents.

12. Defendant Bocanegra eventually drove southbound on Interstate 25 (with her new load) from Colorado into and through New Mexico during the late night hours of December 29, 2010.

4

13. The mechanical problems were so severe that Defendant Bocanegra had to engage the tractor's power locks, which prohibited her from traveling any faster than 15mph in order to prevent them from blowing out.

14. Defendant Bocanegra continued traveling southbound on I-25, at night, and dangerously at speeds of no more than 15 mph, with little or no emergency lighting or required retroreflective sheeting or reflex reflectors, only pulling over when the broken tractor/trailer commenced to jerk.

15. Defendant Bocanegra's operation of the broken tractor/trailer in this manner created a nighttime danger so extreme that drivers on the highway had to quickly and dangerously change lanes under emergent circumstances to avoid striking the broken tractor/trailer.

16. At approximately 8:00 p.m., Decedent Joseph Portillo was driving south on I-25 on his way home when he drove into the unlawfully operated broken tractor/trailer.

17. Decedent Joseph Portillo suffered great bodily harm and died shortly after from the injuries he sustained in the tragic collision.

18. Defendant Bocanegra fled the scene of the collision, but eventually stopped several miles further south, and there was confronted by law enforcement concerning the deadly collision.

## COUNT I
## NEGLIGENCE AND NEGLIGENCE *PER SE* OF
### DEFENDANT GINA BOCANEGRA

19. Plaintiff hereby incorporates by reference each and every allegation set

forth in the preceding paragraphs, as if fully restated herein, and further

alleges that:

20. Pursuant to New Mexico law, Defendant Bocanegra owed the duty to

exercise care for the safety of the person and the property of others.

21. Defendant Bocanegra is a professional driver and had a duty to exercise

the care of a professional driver while operating commercial vehicles.

22. Defendant Bocanegra breached her duties of care on December 29, 2010 by

negligently operating the commercial tractor/trailer unit southbound on I-

25, including but not limited to:

    a.    failing to keep a proper lookout and maintain proper control of

        the vehicle at all times, placing herself and others in danger and

        causing the subject collision;

    b.    failing to give her full time and entire attention to the operation

        of the vehicle;

    c.    operating a vehicle on the highway in a careless, inattentive or

        imprudent manner;

d.  driving a vehicle in an unsafe condition so as to endanger other persons, and/or which did not contain necessary parts and/or was not at all times equipped with such lamps and other equipment in good and working condition and proper adjustment;

e.  operating her vehicle in a reckless manner;

f.  driving a vehicle on the highway whose equipment was not in good working order, was out of adjustment, and which was mechanically unsafe, endangering other persons on the highway (including Decedent Joseph Portillo);

g.  failing to conduct pre- and post-trip inspections on the vehicle to ensure that all safety-related parts and accessories were in good working order;

h.  failing to systematically inspect, repair, and maintain the vehicles and intermodal equipment;

i.  failing to equip the trailer with retroreflective sheeting or an array of reflex reflectors;

j.  unlawfully operating a motor vehicle causing Decedent Joseph Portillo to suffer great bodily harm and death; and by

k.      failing to stop the vehicle(s) at the scene of the accident and

render aid to Decedent Joseph Portillo.

23. Defendant Gina Bocanegra's actions/inactions constitute negligence, and

negligence *per se* (as a matter of law), in that statutes and regulations were

in force in New Mexico on December 29, 2010, including:

23.1    the duty of every operator of a vehicle to keep a proper lookout and

to maintain proper control of her vehicle at all times so as to avoid

placing the operator or others in danger and to prevent an accident;

*see* New Mexico U.J.I. 13-1202;

23.2    the duty to give her full time and entire attention to the operation

of the vehicle, as set forth in NMSA § 66-8-114(A);

23.3    the duty not to operate a vehicle in a careless, inattentive or

imprudent manner, as set forth in NMSA §66-8-114(B);

23.4    driving a vehicle in an unsafe condition endangering others, or

which does not contain those parts, or is not at all times equipped

with such lamps and other equipment in proper condition and

adjustment, as set forth in NMSA § 66-3-801; *and* FMCSA §§ 393.11,

396.3(a) and 396.7;

23.5    the duty not to drive carelessly and heedlessly in willful or wanton

disregard of the rights or safety of others without due caution and

8

circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property of another, pursuant to NMSA § 66-8-113;

23.6   the duty not to drive a vehicle on the highway unless its equipment is in good working order and adjustment, and the vehicle is in such safe mechanical condition so as not to endanger other persons on the highway, as set forth in NMSA §66-3-901 *and* FMCSA § 396.7;

23.7   the duty to conduct pre- and post trip inspections on commercial motor vehicles to ensure that all safety-related parts and accessories are in good working order, pursuant to NMSA §65-3-8(A)(1) and FMCSA §§ 392.7, 396.3(a) and 396.13;

23.8   the duty to equip the trailer with retroreflective sheeting or an array of reflex reflectors, as required by FMCSA § 393.13;

23.9   the duty not to cause another human being to suffer great bodily injury or death in the unlawful operation of a motor vehicle, as set forth in NMSA 66-8-101; and

23.10  the duty to stop the vehicle at the scene of the accident and render aid, as set forth in NMSA §§ 66-7-201 and 66-7-203.

24. Defendant Gina Bocanegra's failure to comply with some or all of the aforementioned statutes and regulations caused and/or contributed to the injuries, death and damages complained for herein.

25. Defendant Bocanegra's wrongful acts as set forth above, including the aggravating circumstances attending the wrongful acts or failure(s) to act, were a cause and/or contributing cause of Decedent's serious injuries and damages, including pain and suffering, mental anguish and distress, medical care, disfigurement and death, funeral and burial expenses, loss of earnings and earning capacity, loss of life and enjoyment of life, and loss of household services, for which Plaintiff seeks relief pursuant to the New Mexico Wrongful Death Act and other New Mexico law.

26. Defendant Gina Bocanegra's conduct showed an utter indifference to, or conscious disregard for, the safety of others, thereby justifying an award of punitive damages against this defendant.

27. At all material times, Defendant Bocanegra was an employee and agent of Defendant Michael Most Trucking, Inc., and was acting within the course and scope of her employment and agency.

28. Defendant Michael Most Trucking is vicariously liable for Defendant Bocanegra's actions, as it authorized, participated in, and ratified those actions.

10

COUNT II
NEGLIGENCE, NEGLIGENCE *PER SE*, AND JOINT AND SEVERAL
LIABILITY OF DEFENDANT MICHAEL MOST TRUCKING

29. Plaintiff hereby incorporates by reference each and every allegation set

forth in the preceding paragraphs, as if fully restated herein, and further

alleges that:

30. As a commercial motor carrier, Defendant Michael Most Trucking is

under a duty to provide safe and adequate service and equipment for the

rendition of transportation services in New Mexico, pursuant, but not

limited to New Mexico's Motor Transportation Act, §65-1-1, *et seq*. and the

Federal Motor Carrier Safety Act (FMCSA).

31. Defendant Michael Most Trucking, its officers, agents, representatives,

and employees responsible for the management, maintenance, operation,

or driving of commercial motor vehicles, and/or the hiring, supervising,

training, assigning, or dispatching of drivers, had a duty to be instructed

in and to comply with the FMCSA as set forth in FMCSA § 392.1.

32. Pursuant to New Mexico law, Defendant Michael Most Trucking, its

employees, agents and/or contractors owed the duty to exercise care for

the safety of the person and the property of others.

33. At all material times, Defendant Michael Most Trucking was under a

duty, along with its managers, supervisors, employees, agents and

contractors, to provide and maintain its commercial vehicles in safe condition, and to ensure their safe operation at all times with parts and equipment in good condition and proper adjustment.

34. Defendant Michael Most Trucking was the owner, operator and/or otherwise exercised control over the commercial motor vehicle(s) being operated by Defendant Bocanegra on December 29, 2010.

35. It was unlawful for Defendant Michael Most Trucking, its managers, supervisors, employees, agents and/or contractors to require or permit Defendant Bocanegra's operation of unsafe commercial vehicles on highways, as set forth in NMSA §§ 66-8-120, 66-8-121, 65-2A-33, and FMCSA § 390.13.

36. Defendant Michael Most Trucking, its managers, supervisors, employees, agents and contractors breached their duties of care by failing to provide, maintain and operate its commercial vehicles involved in the December 29, 2010 collision in good working and safe condition; said failures included, but not being limited to:

36.1   operating, causing and/or permitting the operation of vehicles that were in an unsafe condition endangering others (including Decedent Joseph Portillo), and/or which did not contain those

12

parts, and/or were not at all times equipped with such lamps and other equipment in proper condition and adjustment;

36.2    operating or permitting the operation of a vehicle whose equipment was not in good working order and which was out of adjustment;

36.3    failing to establish a system for motor carriers and drivers, including Defendant Gina Bocanegra, to report to it any damage, defects, or deficiencies of intermodal equipment discovered by the driver which would affect the safety of operation of the intermodal equipment, or result in its mechanical breakdown while transported on public roads;

36.4    failing to equip the trailer with retroreflective sheeting or an array of reflex reflectors; and

36.5    operating or permitting the operation of a motor vehicle without conducting pre- and post-trip inspections to ensure all safety-related parts and accessories are in good working order.

37. Defendant Michael Most Trucking's, its managers', supervisors', employees', agents' and contractors' actions/inactions constitute negligence, and negligence *per se* (as a matter of law), in that there were

statutes and regulations in force in New Mexico on December 29, 2010, including:

37.1     operating, causing and/or permitting the operation of vehicles that were in an unsafe condition endangering others, or which did not contain those parts, or were not at all times equipped with such lamps and other equipment in proper condition and adjustment, as set forth in NMSA § 66-3-801, *and* FMCSA §§ 393.11, 396.3(a), 396.7 and 396.12(c);

37.2     operating a vehicle whose equipment is not in good working order and which is out of adjustment, pursuant to NMSA §66-3-901, and FMCSA 396.7;

37.3     the duty of each intermodal equipment provider to establish a system for motor carriers and drivers to report to it any damage, defects, or deficiencies of intermodal equipment discovered by, or reported to, the motor carrier or driver which would affect the safety of operation of the intermodal equipment, or result in its mechanical breakdown while transported on public roads, pursuant to FMCSA § 396.12(a);

37.4     the duty to equip the trailer with retroreflective sheeting or an array of reflex reflectors, as required by FMCSA § 393.13; and

37.5   operating or permitting the operation of a motor vehicle without conducting pre- and post-trip inspections to ensure all safety-related parts and accessories are in good working order, pursuant to NMSA §65-3-8(A)(1) and FMCSA §§ 392.7, 396.3(a) and 396.13.

38. Defendant Michael Most Trucking's, its managers', supervisors', employees', agents' and contractors' failure to comply with some or all of the aforementioned statutes and regulations caused and/or contributed to the injuries, death and damages complained for herein.

39. Defendants Michael Most Trucking and Gina Bocanegra committed, conspired to commit and/or aided and abetted one another in violating the above-referenced statutes and/or regulations, and are therefore jointly and severally liable for those violations, pursuant to NMSA §§ 66-8-120 and 65-3-3(C).

40. Defendant Michael Most Trucking took no reasonable precautions against the peculiar risk and/or special danger of operating the broken tractor/trailer in its unsafe condition, creating a strong probability that harm would result to the general public, and that harm did, in fact, result in the death of Decedent Joseph Portillo.

41. Because of the inherently dangerous condition created by the operation of the broken tractor/trailer in an unsafe condition, and Defendant Michael

Most Trucking's utter failure to take any reasonable precautions to prevent the actions leading to the death of Decedent Joseph Portillo, the sound public policy of New Mexico imputes to Defendant Michael Most Trucking non-delegable liability for the injuries suffered by Plaintiffs, including joint and several liability for the actions of Defendant Bocanegra.

42. Defendant Michael Most Trucking also owed a duty to those members of the public, including Decedent and Plaintiff, whom they might reasonably anticipate would be placed in a position of risk of injury as a result of negligently hiring, contracting, training, supervising, monitoring and/or retaining an unfit driver.

43. Defendant Michael Most Trucking breached its duty of care in that at the time it employed and/or contracted Defendant Bocanegra, it was aware or should have been aware that Defendant Bocanegra lacked proper training for the safe maintenance and operation of commercial motor vehicles.

44. Defendant Michael Most Trucking failed to adequately assess and train Defendant Bocanegra in the safe operation of commercial motor vehicles.

45. Defendant Michael Most Trucking failed to supervise and/or monitor Defendant Bocanegra's maintenance, service and/or operation of commercial motor vehicles, including but not limited to events where

Defendant Bocanegra demonstrated the exercise of poor judgment by failing to maintain and service the commercial vehicles, and during her operation of them in an unsafe condition upon the highways, which was or should have been known by Defendant Michael Most Trucking.

46. In the face of the aforementioned knowledge and the readily available information about Defendant Bocanegra's lack of knowledge, exercise of poor judgment and inability to safely operate commercial motor vehicles, Defendant Michael Most Trucking nevertheless continued to allow and permit Defendant Bocanegra to operate commercial motor vehicles, thereby endangering her life and the lives of others, including Decedent's.

47. When it became known to Defendant Michael Most Trucking that Defendant Bocanegra was operating commercial vehicles in an unsafe condition and manner, Defendant Michael Most Trucking should have prohibited any further operation of its commercial vehicles by Defendant Bocanegra.

48. It was or should have been foreseeable to Defendant Michael Most Trucking that some general harm or consequence was a reasonably foreseeable result of its negligent hiring, contracting, training, supervising, monitoring and/or retention of Defendant Bocanegra, especially when that negligent hiring, contracting, training, supervision, monitoring and/or

retention involved her unsafe operation of large and dangerous commercial motor vehicles on public roadways.

49. The standard for determining whether an employer should be held liable for negligent supervision of an employee does not require proof of the actual knowledge of the employee's lack of skills or unfitness to perform such work, but whether the employer knew or should have known that some harm might be caused by the acts or omissions of the employee who is entrusted with such position. *See F & T Co. v. Woods*, 92 N.M. 697, 699, 594 P.2d 745, 747 (1979).

50. The wrongful acts and or failure(s) to act by Defendant Michael Most Trucking, its managers, supervisors, employees, agents and/or contractors as set forth above, including the aggravating circumstances attending the wrongful acts and or failure(s) to act, were a cause and/or contributing cause of Decedent's serious injuries and damages, including pain and suffering, mental anguish and distress, medical care, disfigurement and death, funeral and burial expenses, loss of earnings and earning capacity, loss of life and enjoyment of life, and loss of household services, for which Plaintiff seeks relief pursuant to the New Mexico Wrongful Death Act and other New Mexico law.

51. Defendant Michael Most Trucking's conduct and/or that of its managers, supervisors, employees, agents and/or contractors shows an utter indifference to, or conscious disregard for, the safety of others, and a pattern and practice of such indifference, thereby justifying a direct and a vicarious award of punitive damages against this Defendant.

### COUNT III
### SPOLIATION OF EVIDENCE BY DEFENDANTS GINA BOCANEGRA, MICHAEL MOST TRUCKING, AND DESERT TRAILER SYSTEMS

52. Plaintiff hereby incorporates by reference each and every allegation set forth in the preceding paragraphs, as if fully restated herein, and further alleges that:

53. Federal Motor Carrier Safety Regulations (FMCSR) 49 CFR § 390.15(a) required Defendants Michael Most Trucking, Gina Bocanegra and Desert Trailer Systems to make all records and information pertaining to the accident available to state and local law enforcement and authorized third party representatives - in this case Plaintiff's attorneys.

54. Defendants were required to give Plaintiff's authorized representatives all reasonable assistance in the investigation of the accident, including providing a full, true, and correct response to any question of inquiry, pursuant to 49 CFR § 390.15(a).

55. For all times relevant, Defendants were required to maintain and preserve all records and documents in their original form, unless adequately preserved, pursuant to 49 CFR § 390.31.

56. Defendants and their agents were forbidden to make or cause a fraudulent statement(s) regarding the subject crash, pursuant to FMCSA § 390.35.

57. Defendants Bocanegra, Michael Most Trucking, and Desert Trailer Systems knew there was the potential for a lawsuit arising from their acts, failures to act and/or use of their vehicles.  Despite this knowledge, Defendants Bocanegra, Michael Most Trucking and Desert Trailer Systems and/or their agents, intentionally disposed of, destroyed, mutilated, fabricated and/or significantly altered potential evidence, including but not limited to: 1) data contained in the Electronic Control Module (ECM) of the semi tractor involved in the subject crash; 2) the trailer's rear lighting, bumper, and required reflective taping, to maliciously defeat or disrupt Plaintiff's right of recovery.

58. The ECM data, lighting, bumper and reflective taping spoiled by Defendants and/or their agents prevents and denies this Court, the jury, and the parties, critical information and evidence relevant to material issues in the case, including relevant speed(s) of the vehicles, diagnostic clock and codes, the existence/non-existence of lighting on the trailer,

crush data, and whether or not the trailer was in compliance with adequate retroreflective sheeting and/or reflex reflectors for motorist safety, all relevant to proof of Defendants' negligence set forth herein.

59. Plaintiff's recovery in this lawsuit is a prospective economic interest entitled to protection, and Defendants' and/or their agents' destruction, fabrication and/or alteration of the aforementioned evidence to disrupt or defeat Plaintiff's right or potential right of recovery was highly improper, cannot be justified, and is separately actionable. *See Coleman v. Eddy Potash, Inc.,* 120 N.M. 645, 905 P.2d 185 (1995).

60. Defendant Bocanegra's, Michael Most Trucking's and Desert Trailer Systems' and or their agents' destruction, fabrication and/or alteration of any or all of the above-referenced evidence, including the aggravating circumstances attending the wrongful acts, substantially prejudiced Plaintiff's ability to prepare and prove her case and recover adequate damages at law, thereby causing Plaintiff to suffer damages as a result, and these Defendants are jointly and severally liable for these resulting damages.

61. Defendants' and or their agents' wrongful destruction, mutilation or alteration of evidence, was malicious, willful, and wanton.

21

62. Defendants participated in, consented to, ratified, approved, benefited and or attempted to benefit from the destruction of the aforementioned potential evidence, and are therefore directly and vicariously liable for those actions.

63. Serious and extreme sanctions must be levied against Defendants and/or their agents in order to deter similar conduct by others in the future.

## COUNT IV
## NEGLIGENCE OF DEFENDANT DESERT TRAILER SYSTEMS, INC.

64. Plaintiff hereby incorporates by reference each and every allegation set forth in the preceding paragraphs, as if fully restated herein, and further alleges that:

65. As a commercial motor carrier and/or intermodal equipment provider, Defendant Desert Trailer Systems is under a duty to provide safe and adequate service and equipment for the rendition of transportation services in New Mexico, pursuant, but not limited to New Mexico's Motor Transportation Act, §65-1-1, *et seq.* and the Federal Motor Carrier Safety Act (FMCSA).

66. Defendant Desert Trailer Systems, its officers, agents, representatives, and employees responsible for the management, maintenance, operation, or driving of commercial motor vehicles, and/or the hiring, supervising,

training, assigning, or dispatching of drivers, had a duty to be instructed

in and to comply with the FMCSA as set forth in FMCSA § 392.1.

67. Pursuant to New Mexico law, Defendant Desert Trailer Systems, its

employees, agents and/or contractors owed the duty to exercise care for

the safety of the person and the property of others.

68. At all material times, Defendant Desert Trailer Systems was under a duty,

along with its managers, supervisors, employees, agents and contractors,

to provide and maintain its commercial vehicles in safe condition, and to

ensure their safe operation at all times with parts and equipment in good

condition and proper adjustment.

69. Defendant Desert Trailer Systems was the owner, operator and/or

otherwise exercised control over the commercial motor vehicle(s) being

operated by Defendant Bocanegra on December 29, 2010.

70. It was unlawful for Defendant Desert Trailer Systems, its managers,

supervisors, employees, agents and/or contractors to permit Defendants

Michael Most Trucking and/or Bocanegra to operate unsafe commercial

vehicles on highways, as set forth in NMSA §§ 66-8-120, 66-8-121, 65-2A-

33, and FMCSA § 390.13.

71. Defendant Desert Trailer Systems, its managers, supervisors, employees,

agents and contractors breached their duties of care by failing to provide,

maintain and operate the commercial vehicles involved in the December 29, 2010 collision in good working and safe condition; said failures included, but not being limited to:

71.1   operating, causing and/or permitting the operation of vehicles that were in an unsafe condition endangering others (including Decedent Joseph Portillo), and/or which did not contain those parts, and/or were not at all times equipped with such lamps and other equipment in proper condition and adjustment;

71.2   operating or permitting the operation of a vehicle whose equipment was not in good working order;

71.3   failing to establish a system for motor carriers and drivers, including Defendants Gina Bocanegra and Michael Most Trucking, to report to it any damage, defects, or deficiencies of intermodal equipment discovered by, or reported to, the motor carrier or driver which would affect the safety of operation of the intermodal equipment, or result in its mechanical breakdown while transported on public roads;

71.4   failing to equip the trailer with retroreflective sheeting or an array of reflex reflectors; and

71.5   operating and/or permitting the operation of a motor vehicle without conducting pre- and post-trip inspections to ensure all safety-related parts and accessories are in good working order.

72. Defendant Desert Trailer System's, its managers', supervisors', employees', agents' and contractors' actions/inactions constitute negligence, and negligence *per se* (as a matter of law), in that there were statutes and regulations in force in New Mexico on December 29, 2010, including:

72.1   operating, causing and/or permitting the operation of vehicles that were in an unsafe condition endangering others, or which did not contain those parts, or were not at all times equipped with such lamps and other equipment in proper condition and adjustment, as set forth in NMSA § 66-3-801, *and* FMCSA §§ 393.11, 396.3(a), 396.7 and 396.12(c);

72.2   operating a vehicle whose equipment is not in good working order and which is out of adjustment, pursuant to NMSA §66-3-901, and FMCSA 396.7;

72.3   the duty of each intermodal equipment provider to establish a system for motor carriers and drivers to report to it any damage, defects, or deficiencies of intermodal equipment discovered by, or

reported to, the motor carrier or driver which would affect the safety of operation of the intermodal equipment, or result in its mechanical breakdown while transported on public roads, pursuant to FMCSA § 396.12(a);

72.4    the duty to equip the trailer with retroreflective sheeting or an array of reflex reflectors, as required by FMCSA § 393.13; and

72.5    operating or permitting the operation of a motor vehicle without conducting pre- and post-trip inspections to ensure all safety-related parts and accessories are in good working order, pursuant to NMSA §65-3-8(A)(1) and FMCSA §§ 392.7, 396.3(a) and 396.13.

73. Defendant Desert Trailer System's, its managers', supervisors', employees', agents' and contractors' failure to comply with some or all of the aforementioned statutes and regulations caused and/or contributed to the injuries, death and damages complained for herein.

74. Defendants Michael Most Trucking, Gina Bocanegra and Desert Trailer Systems committed, conspired to commit and/or aided and abetted one another in violating the above-referenced statutes and/or regulations, and are therefore jointly and severally liable for those violations, as set forth in NMSA §§ 66-8-120 and 65-3-3(C).

75. When it became known to Defendant Desert Trailer Systems that Defendant Michael Most Trucking and/or Defendant Bocanegra were operating its commercial vehicles in an unsafe condition and manner, Defendant Desert Trailer Systems should have prohibited any further operation of its commercial vehicles by these defendants.

76. The wrongful acts and or failure(s) to act by Defendant Desert Trailer Systems, its managers, supervisors, employees, agents and/or contractors as set forth above, including the aggravating circumstances attending the wrongful acts and or failure(s) to act, were a cause and/or contributing cause of Decedent's serious injuries and damages, including pain and suffering, mental anguish and distress, medical care, disfigurement and death, funeral and burial expenses, loss of earnings and earning capacity, loss of life and enjoyment of life, and loss of household services, for which Plaintiff seeks relief pursuant to the New Mexico Wrongful Death Act and other New Mexico law.

77. Defendant Desert Trailer System's conduct and/or that of its managers, supervisors, employees, agents and/or contractors shows an utter indifference to, or conscious disregard for, the safety of others, and a pattern and practice of such indifference, thereby justifying an award of punitive damages against this Defendant.

COUNT V

LOSS OF CONSORTIUM OF PLAINTIFF NOREEN SALAZAR

78. Plaintiff hereby incorporates by reference each and every allegation set forth in the preceding paragraphs, as if fully restated herein, and further alleges that:

79. Plaintiff Noreen Salazar enjoyed a very special familial, loving and caregiving relationship with her son Joseph.

80. Plaintiff Noreen Salazar suffered and will continue to suffer from the emotional distress caused by the loss of society and companionship she enjoyed with her son Joseph, which was wrongfully taken from her as a result of his tragic death.

81. Defendants' negligence, including the aggravating circumstances attending the wrongful acts, was a cause and/or contributing cause of Plaintiff Noreen Salazar's loss of consortium damages, and Plaintiff is entitled to a recovery against each of the Defendants for those damages in an amount to be awarded by the jury herein.

WHEREFORE Plaintiff requests monetary damages against Defendants, and each of them, in amounts to be awarded by the jury to be just and reasonable, for punitive damages, for pre- and post-judgment interest, for costs, and for all other appropriate relief.

Respectfully submitted:

WILL FERGUSON & ASSOCIATES

By: _____
ROBERT M. ORTIZ
Attorneys for Plaintiff
1720 Louisiana Blvd NE, Suite 100
Albuquerque, NM 87110
Phone: (505) 243-5566