IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**NOREEN SALAZAR, Individually, and as**
**Wrongful Death Personal Representative of**
**THE ESTATE OF JOSEPH PORTILLO,**

      **Plaintiff,**

**v.**                                                  **No. 12cv0053 MV/LAM**

**GINA BOCANEGRA, et al.,**

      **Defendants.**

# ORDER DENYING WITHOUT PREJUDICE MOTION FOR WITHDRAWAL AND SUBSTITUTION OF COUNSEL AND MOTION FOR PROTECTIVE ORDER AND STAY

**THIS MATTER** comes before the Court on Defendants' *Motion for Withdrawal and Substitution of Counsel and Motion for Protective Order and Stay (Doc.48)*, filed May 15, 2012. The motion asks the Court to allow the withdrawal of Lance Richards and his law firm as counsel for Defendant Gina Bocanegra, asks for 21 days for Defendant Bocanegra to find substitute counsel, and asks for a protective order and stay regarding all pending discovery against Defendant Bocanegra. The motion states that counsel for Plaintiff and Defendant Desert Trailer[1] oppose the motion. Having considered the motion, record of the case, and relevant law, the Court **FINDS** that the motion is not well-taken and shall be **DENIED without prejudice** because it fails to comply with the Court's local rules and administrative procedures.

First, the Court notes that Plaintiff improperly filed a pleading raising two matters for adjudication in a single document, which violates D.N.M. Administrative Order 92-88

---

[1]The Court notes that at this time, Mr. Richards is counsel for Defendant Desert Trailer as well as Defendant Bocanegra. *See* [*Doc. 53*] (order denying without prejudice motion for substitution of counsel for Defendant Desert Trailer).

(May 4, 1992). This Administrative Order prohibits the filing of "compound pleadings," and states that all practitioners shall "submit a separate pleading for each matter upon which adjudication or a ruling of the Court is sought." The issues of withdrawal of counsel and staying discovery are separate matters and should have been brought in two separate motions.

Furthermore, the motion fails to comply with the Court's rules regarding withdrawal of counsel because it fails to state whether Defendant Bocanegra consents to the withdrawal of Mr. Richards and his law firm as her counsel, and fails to indicate whether Defendant Bocanegra was served a copy of the motion to withdraw. *See* D.N.M. LR-Civ. 83.8:

> **(a)** **Unopposed Motion to Withdraw.** The motion to withdraw and proposed order must indicate consent of the client represented by the withdrawing attorney and:
> - notice appointment of substitute attorney; or
> - a statement of the client's intention to appear *pro se* and the client's address and telephone number;
> 
> . . . .
>
> **(b)** **Contested Motion to Withdraw.** The attorney must file and serve on all parties, including the client, a motion to withdraw. The attorney must give notice in the motion that objections must be served and filed within fourteen (14) days from the date of service of the motion and that failure to object within this time constitutes consent to grant the motion.

**IT IS THEREFORE ORDERED** that, for the reasons stated above, Defendants' *Motion for Withdrawal and Substitution of Counsel and Motion for Protective Order and Stay (Doc.48)* is **DENIED without prejudice.**

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**

-2-