IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**NOREEN SALAZAR, Individually, and as**
**Wrongful Death Personal Representative of**
**THE ESTATE OF JOSEPH PORTILLO,**

      **Plaintiff,**

v.                                                    **No. 12cv0053 MV/LAM**

**GINA BOCANEGRA, et al.,**

      **Defendants.**

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES [Doc. 37]

**THIS MATTER** is before the Court on *Plaintiffs' Motion to Compel [] Defendant Michael Most Trucking, Inc.'s Answers to Interrogatories (Doc. 37)*, filed April 30, 2012. Defendant Michael Most Trucking, Inc. (hereinafter "Defendant) filed its response on May 16, 2012 [*Doc. 52*], and Plaintiff filed her reply on July 9, 2012[1] [*Doc. 113*]. Having considered the parties' submissions, the record of the case, and relevant law, the Court **FINDS** that *Plaintiffs' Motion to Compel [] Defendant Michael Most Trucking, Inc.'s Answers to Interrogatories (Doc. 37)* shall be **GRANTED in part** and **DENIED in part**.

---

[1] On May 18, 2012, then-counsel for Defendants Bocanegra and Michael Most Trucking filed an opposed motion [*Doc. 66*] to stay responses to then-pending discovery requests and this motion to compel, on the grounds that a conflict had arisen between these two Defendants. The Court granted the stay to allow the parties to engage in private mediation, which was not successful, and gave the parties until ten days after new counsel for Defendant Michael Most Trucking entered an appearance in which to file replies to this motion to compel. *See* [*Docs. 80* and *100*].

This case arises from a motor vehicle accident involving Defendant's employee,[2] who was driving a commercial tractor/trailer on Interstate 25, the tractor/trailer had mechanical problems and was going very slowly on the Interstate, and Plaintiff's son collided with the tractor/trailer and died from his injuries. [*Doc. 37* at 1-2]. In her motion to compel, Plaintiff asks the Court to compel Defendant to respond to Interrogatories 2, 4, 11-16, 18-28, 30 and 31. [*Doc. 37* at 5-10]. In its response, Defendant states that it would supplement its responses to Interrogatories 2, 4, 11-15, 18-20, 30 and 31, leaving Interrogatories 16 and 21-28 at issue. [*Doc. 52* at 1-2] (citing *Doc. 52-1*). Plaintiff states in her reply that Defendant had not provided the agreed-to supplementation at the time the reply was filed. [*Doc. 113* at 1]. The Court notes that Defendant obtained new counsel on June 21, 2012, as a result of a conflict of interest with Defendant's prior counsel as described in footnote 1 herein. Nevertheless, Defendant has had several weeks for its new counsel to consult with its former counsel about the pending discovery requests, and has not asked the Court for an extension of time in which to respond. The Court, therefore, finds that Defendant has waived its objections to Interrogatories 2, 4, 11-15, 18-20, 30 and 31, and shall supplement its answers to those interrogatories **by August 3, 2012**. The Court will consider the remaining disputed interrogatories as follows:

Interrogatory 16

Interrogatory 16 asks Defendant to: "[P]rovide mirror images of all servers and hard drives containing any information relating to the Subject Incident and/or **Defendant Bocanegra** - this includes, but is no[t] limited to, the safety director's and risk management's server and/or hard drive." [*Doc. 37-1* at 7-8]. Defendant objected to this interrogatory, stating that it is "vague,

---

[2]The driver was Defendant Bocanegra and Defendants Michael Most Trucking and Desert Trailer Systems owned the commercial tractor and trailer, respectively, that was involved in the accident.

ambiguous, overly broad and unduly burdensome" because it does not specify what the phrase "related to the subject accident" means. *Id.* at 8. Defendant further objected to the interrogatory because "it seeks information that is confidential and proprietary with regard to other employees" and is privileged because it was "prepared in anticipation of litigation." *Id.* In Defendant's response to the motion to compel, Defendant states that the request is overly broad because mirror images of its servers and hard drives would provide Plaintiff with a complete copy of all information stored on Defendant's computers, and the request is not tailored in scope or time or to the issues relevant to this case. [*Doc. 52* at 2-3]. In Plaintiff's reply, Plaintiff contends that Defendant has not demonstrated why the request is overly broad. [*Doc. 113* at 2].

First, the Court notes that this request is not a proper interrogatory because it seeks production of electronically stored information, which is a request for production governed by Fed. R. Civ. P. 34. Nevertheless, the Court finds that this request is overly broad because the mirror images of Defendants servers and hard drives include information that is irrelevant to the parties' claims or defenses. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."). A "mirror image" is defined as: "A bit by bit copy of any storage media. Often used to copy the configuration of one computer to another computer or when creating a preservation copy." The Sedona Conference Glossary: E-Discovery & Digital Information Management, (3rd ed. September 2010), p. 34. This type of discovery is generally allowed in cases involving discrepancies or inconsistencies in discovery responses or when a responding party has been unwilling or has failed to produce relevant information. *See White v. The Graceland College Center for Professional Development & Lifelong Learning, Inc.*, Civil Action No. 07-2319-CM, 2009 WL 722056 at *7, n.17 (D.Kan. March 18, 2009) (unpublished) (citing cases compelling production of mirror images and computer

forensic analyses where failure to store information or other discrepancies are alleged, or electronic evidence is relevant).  Here, Plaintiff makes no allegation that Defendant has failed to produce or store any relevant information that can be found on its hard drives or servers.  Because Plaintiff has not shown that it needs mirror images of Defendant's computers to obtain any relevant information to this action, the Court finds that this request is overly broad and shall be **denied**.

## Interrogatory 21

Interrogatory 21 asks for the identity of each person involved in the investigation of the incident, including a description of their role and involvement in the investigation.  [*Doc. 37-1* at 11].  Defendant initially objected to this interrogatory stating that it was asking for attorney work product privileged information (*id.*); however, in Defendant's response, Defendant states that it will supplement its response to provide the names of persons who investigated the incident.  [*Doc. 52* at 4].  If Defendant has not already done so, it shall supplement its response to this Interrogatory **by August 3, 2012**.  The Court will address below the parties' arguments regarding Defendant's statement that it has listed documents responsive to this interrogatory in its privilege log.

## Interrogatories 22, 23, 24, 25, 26, 27

Interrogatories 22, 23, 24, 25, 26 and 27 seek the identities of people with knowledge of the incident, including the investigation of the incident.  [*Doc. 37-1* at 12-16].  Defendant states that its privilege log, attached as Exhibit B to its response to the motion to compel, contains documents responsive to these interrogatories (*see Doc. 52* at 4-7, citing *Doc. 52-2*).  Plaintiff disputes the timing and content of the privilege log (*Doc. 113* at 3-5).  The parties appear to confuse interrogatories, which ask for written responses to questions concerning relevant matters, with requests for production, which ask for production of documents or other information in the control of the responding party.  *Compare* Fed. R. Civ. P. 33 *with* Fed. R. Civ. P. 34.  Despite the parties'

dispute over whether Defendant is obligated to produce documents in response to the interrogatories, Defendant does not contend that it is withholding names or information that are responsive to these interrogatories. The Court, therefore, finds that the parties' discussion of the privilege log is misplaced and irrelevant as to whether Defendant should be compelled to respond to these interrogatories. To the extent Plaintiff is asking for documents in response to these interrogatories, such a request is misplaced in an interrogatory and, moreover, Plaintiff did not make such a request in her interrogatories and she cannot expand the scope of the interrogatories at this point.

Defendant states in its response to the motion to compel that, other than the police report and the items contained in Defendant's privilege log, Defendant has no additional responsive information to Interrogatories 22, 23, 25, 26 and 27 at this time, and that it will supplement its response to Interrogatory 24, subject to its objection to produce information contained in its privilege log. [*Doc. 52* at 4-7]. The Court, therefore, will **grant** Plaintiff's motion to compel this request and will require Defendant to supplement its response to Interrogatory 24, **by August 3, 2012**, and will **deny** Plaintiff's motion to compel as to Interrogatories 22, 23, 25, 26 and 27.

**Interrogatory 28**

Interrogatory 28 asks Defendant to identify "any other party or non-party" which Defendant maintains has any responsibility for causing the accident, and to describe in detail the basis for that responsibility. [*Doc. 37-1* at 17]. Defendant objects to this interrogatory because it seeks the mental impressions, conclusions, opinions or legal theories of counsel, is overly broad and unduly burdensome, and requires Defendant to provide a narrative account of its case. *Id.* In its response to the motion to compel, Defendant states that this type of interrogatory is premature because it is a contention interrogatory, and is more appropriately served toward the close of discovery. [*Doc. 52*

at 8]. In reply, Plaintiff states that the interrogatory does not ask for a narrative account for Defendant's case, and that, if Defendant does not answer the interrogatory, then Defendant's comparative fault defense should be stricken.

Contention interrogatories that ask for "each and every fact" that support the party's allegations are an abuse of the discovery process because it is overly broad and unduly burdensome. *See IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan. 1998). While interrogatories should not require a responding party to provide a narrative account of its case, contention interrogatories may ask for the material or principal facts which support a party's contention or defense, and contention interrogatories that do not encompass every allegation, or a significant number of allegations, made by a party are proper. *Hiskett v. Wal-Mart Stores, Inc.*, 180 F.R.D. 403, 404-05 (D. Kan. 1998). The Court finds that Plaintiff's request for information that supports Defendant's comparative fault defense does not require Defendant to provide a narrative account of its case or provide each and every fact supporting its case. The Court further finds that Defendant fails to support its contention that the interrogatory is premature, especially since a significant amount of time has passed since Defendant replied to Plaintiff's motion to compel, during which the parties exchanged additional discovery and participated in an attempt at settlement. Therefore, the Court finds that this request should be **granted** and will require Defendant to respond to this interrogatory **by August 3, 2012**.

**IT IS THEREFORE ORDERED** that, for the reasons set forth above, *Plaintiffs' Motion to Compel [] Defendant Michael Most Trucking, Inc.'s Answers to Interrogatories (Doc. 37)* is **GRANTED in part** and **DENIED in part** as follows:

1. Defendant shall produce **by August 3, 2012** supplemental information responsive to Interrogatories 2, 4, 11-15, 18-20, 30 and 31, as Defendant agreed to in its response to the motion to compel;

2. Plaintiff's motion to compel is **GRANTED** as to Interrogatories 21, 24, and 28, and Defendant shall produce **by August 3, 2012** supplemental information responsive to those Interrogatories; and

3. Plaintiff's motion to compel is **DENIED** as to Interrogatories 16, 22, 23, 25, 26 and 27.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**