## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**NOREEN SALAZAR, Individually, and as
Wrongful Death Personal Representative of
THE ESTATE OF JOSEPH PORTILLO,**

        **Plaintiff,**

**v.**                                    **No. 12cv0053 MV/LAM**

**GINA BOCANEGRA, et al.,**

        **Defendants.**

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION [Doc. 38]

        **THIS MATTER** is before the Court on *Plaintiffs' Motion to Compel Defendant Michael Most Trucking, Inc.'s Responses to Requests for Production* *(Doc. 38)*, filed April 30, 2012. Defendant Michael Most Trucking, Inc. (hereinafter "Defendant) filed its response on May 15, 2012 [*Doc. 50*], and Plaintiff filed her reply on July 10, 2012[1] [*Doc. 115*].  Having considered the parties' submissions, the record of the case, and relevant law, the Court **FINDS** that *Plaintiffs' Motion to Compel Defendant Michael Most Trucking, Inc.'s Responses to Requests for Production (Doc. 38)* shall be **GRANTED in part** and **DENIED in part**.

        This case arises from a motor vehicle accident involving Defendant's employee[2] who was

---

[1]On May 18, 2012, then-counsel for Defendants Bocanegra and Michael Most Trucking filed an opposed motion [*Doc. 66*] to stay responses to then-pending discovery requests and this motion to compel, on the grounds that a conflict had arisen between these two Defendants.  The Court granted the stay to allow the parties to engage in private mediation, which was not successful, and gave the parties until ten days after new counsel for Defendant Michael Most Trucking entered an appearance in which to file replies to this motion to compel.  *See* [*Docs. 80* and *100*].

[2]The driver was Defendant Bocanegra and Defendants Michael Most Trucking and Desert Trailer Systems owned the commercial truck and trailer, respectively, that was involved in the accident.

driving a commercial tractor/trailer on Interstate 25, the tractor/trailer had mechanical problems and was going very slowly on the Interstate, and Plaintiff collided with the tractor/trailer and died from his injuries. [*Doc. 38* at 1-2]. In her motion to compel, Plaintiff asks the Court to compel Defendant to respond to Request for Production ("RFP") Nos. 1, 3, 4-7, 11, 13, 14, 16, 18, 22, 24, 25, 26, 28, 30-37, 39, 40, 42-48, 50-60, 65, 70, 80, and 82-85. [*Doc. 38* at 5-11]. In its response, Defendant states that it has agreed to supplement its responses to RFPs 1, 5-7, 11, 13, 14, 16, 18, 22, 24-26, 28, 31, 34-37, 40, 42-45, 47 and 60, leaving RFPs 3, 4, 13, 32, 33, 39, 46, 48, 50-59, 65, 70, 80, and 82-85 at issue. [*Doc. 50* at 1-2] (citing *Doc. 50-1*). Plaintiff states in her reply that Defendant had not provided the agreed-to supplementation at the time the reply was filed. [*Doc. 115* at 1]. The Court notes that Defendant obtained new counsel on June 21, 2012, as a result of a conflict of interest with Defendant's prior counsel as described in footnote 1 herein. Nevertheless, Defendant has had several weeks for its new counsel to consult with its former counsel about the pending discovery requests, and has not asked the Court for an extension of time to respond. The Court, therefore, finds that Defendant has waived its objections to RFPs 1, 5-7, 11, 13, 14, 16, 18, 22, 24-26, 28, 31, 34-37, 40, 42-45, 47 and 60, and shall supplement its answers to those RFPs **by August 3, 2012**. The Court will consider the remaining disputed RFPs as follows:

### Request for Production No. 3

RFP No. 3 asks Defendant to provide a copy of each insurance policy, including the declarations pages for each policy. [*Doc. 38-1* at 2]. Defendant states that it has sufficiently responded to and produced all documents responsive to RFP No. 3 in its initial disclosures. [*Doc. 50* at 2]. Plaintiff states in her reply that, because there was an issue regarding the production of the complete policy limits available to Defendant Desert Trailer Systems, Plaintiff asks that counsel for Defendant Michael Most Trucking certify that there are no other policies, including umbrella or

excess policies, available to Defendant Michael Most Trucking.  [*Doc. 115* at 2].  While the Court recognizes that there was an issue regarding production of the policy limits with regards to Defendant Desert Trailer Systems, that issue has been resolved and counsel for Plaintiff does not allege that counsel for Defendant Michael Most Trucking withheld any other insurance policy information.  *See* [*Doc. 88* at 3-5] (alleging that counsel for Defendant Desert Trailer Systems concealed a commercial umbrella insurance policy from its required disclosures to Plaintiff). Furthermore, the Court notes that Plaintiff, in RFP No. 3, did not request Defendant to make any certification regarding its insurance policy but merely asked that it be produced, which has been done.  The Court, therefore, finds no reason to require counsel for Defendant Michael Most Trucking to certify that it has fully complied with this request, and will **deny** this request.

### Request for Production No. 4

RFP No. 4 asks Defendant to provide copies of all reservation of rights letters and/or agreements regarding insurance coverage for the incident.  [*Doc. 38-1* at 2].  Defendant objects to this RFP on the grounds that reservation of rights letters and/or agreements regarding insurance coverage are not relevant to the subject litigation, nor "reasonably calculated to lead to admissible evidence."  [*Doc. 50* at 2].  In reply, Plaintiff states that these letters and agreements are relevant because insurance agreements must be disclosed under Fed. R. Civ. P. 26.  [*Doc. 115* at 2].

The Court finds that Plaintiff fails to support its contention that reservation of rights letters and agreements are relevant to the claims or defenses of either party.  The case relied on by Plaintiff is unpersuasive because it involved a declaratory judgment action regarding a dispute between an insurance company and its own insured regarding coverage and, therefore, information regarding the drafting history and policy language of the insurance contract at issue was relevant to the claims and defenses in that case.  *See Leski, Inc. v. Federal Ins. Co.*, 129 F.R.D. 99, 104-05 (D.N.J. 1989).

In another case, however, the court held that reservation of rights letters, in contrast to an actual denial of coverage, are not required to be disclosed in an case where the insurer itself was not being sued. *Native American Arts, Inc. v. Bundy-Howard, Inc.*, No. 01 C 1618, 2003 WL 16524649, at *2 (N.D.Ill. E.D. March 20, 2003) (unpublished) (explaining that "a reservation of rights (as contrasted with an actual denial of coverage, which would surely have to be disclosed) does nothing more than to preserve for future decision the question [of] whether insurance coverage does or does not exist," and denying the motion to compel reservation of rights letters). The Court finds no support for Plaintiff's motion to compel reservation of rights letters or agreements where a denial of coverage has not been asserted in this case, and where insurance coverage is not the basis of the suit. The request is, therefore, **denied**.

## Request for Production No. 13

It appears that this request is now **moot** since Defendant states that it has produced all materials responsive to the request. *See* [*Doc. 50* at 3] and [*Doc. 115* at 2].

## Request for Production No. 32

This request asks for a copy of all audits and summaries of Defendant Bocanegra's hours of service from the period of one year prior to the incident to fourteen (14) days after the incident. [*Doc. 38-1* at 16]. Defendant produced the driver logs for Defendant Bocanegra for the two weeks prior to the incident and for after the incident. *Id.* Defendant states that the time period of one year prior to the accident is overly broad because that entire time period is not relevant to the incident. [*Doc. 50* at 3-4]. Defendant produced copies of Defendant Bocanegra's pre-employment background check, information from her prior employer for the time she was employed with that employer, and the results of the driver's license background check on her for the thirty-nine (39) month period prior to her being hired by Defendant Michael Most Trucking. *Id.* at 4. In her reply,

Plaintiff maintains that the one-year time period prior to the incident is relevant and reasonable, but fails to give any reason why. [*Doc. 115* at 2-3]. While the case cited by Plaintiff in support of her motion allowed production of information for a five-year period, the court in that case found that the five-year period was relevant for the parties to determine the defendant's knowledge, planning, motive and intent regarding the pay disparity and retaliation claims at issue in an employment suit between an employer and its employee. *See Clayton v. Vanguard Car Rental U.S.A, Inc.*, No. CIV 09-0188 JB/ACT, 2009 WL 5851087, at *4 (D.N.M. Dec. 15, 2009) (unpublished). In contrast, Plaintiff has not explained why Defendant Bocanegra's hours for the entire year prior to the incident are relevant to a claim or defense involved in this personal injury case, so the Court will **deny** this request.

### Request for Production No. 33

This request asks for all hours of service audits and summaries for all drivers working for Defendant for the time period covering six months prior to the incident to fourteen (14) days after the incident. [*Doc. 38-1* at 16]. Defendant objected on the grounds of relevance and, notwithstanding the objection, produced Defendant's out-of-service violation history summary. *Id.* at 16-17. Plaintiff explains in her reply that "the hours and conduct of [Defendant's] other drivers is at issue," and asserts that the information is relevant to show a pattern of conduct by Defendant of requiring drivers to operate broken or defective machinery. [*Doc. 115* at 3]. The Court finds that the number of hours driven by Defendant's employees is irrelevant to whether Defendant engaged in a pattern of requiring drivers to operate broken or defective machinery, and Defendant's production of its out-of-service violations sufficiently answered the request. The Court will **deny** this request.

### Request for Production No. 39

Plaintiff requests copies of all e-mails between Defendant Bocanegra and Defendant Michael Most Trucking from the time period of ninety (90) days prior to the incident to the present. [*Doc. 38-1* at 20]. Defendant objected to the request stating it asks for information that is irrelevant, overly broad, and unduly burdensome. *Id.* at 21. In its response to Plaintiff's motion to compel, however, Defendant states that it has no documents responsive to the request. [*Doc. 50* at 5]. This response should have been included in Defendant's responses to Plaintiff's RFP No. 39. Nevertheless, the issue is now **moot** and the Court declines to rule on this request in the abstract. The Court, however, will require Defendant to **produce a supplemental response** to this RFP stating that it has no responsive documents **by August 3, 2012**.

### Request for Production Nos. 46 and 48

These identical requests ask for all of the Driver Vehicle Inspection Reports for the tractor and trailer at issue in this case for the time period beginning six months prior to the incident to one week after the incident. [*Doc. 38-2* at 3-4]. Defendant objected to the request stating that the information is irrelevant, overly broad, and overly burdensome. *Id.* and [*Doc. 50* at 5]. The Court disagrees that this information is irrelevant because the condition of the tractor and trailer goes to the heart of the question of whether the Defendants in this case were negligent in driving and failing to repair the tractor/trailer and allowing it on the highway, and a six-month period is not overly broad or unreasonable to determine Defendants' knowledge of the tractor/trailer's condition. Defendant fails to explain why it is overly burdensome to produce this information, and its statement that the request is not limited in time is incorrect because the time period is limited to six months. Therefore, the Court will **grant** these requests and Defendant shall produce responsive documents **by August 3, 2012**.

**Request for Production Nos. 50-59**

These requests ask for various documents and information relating to the subject incident. [*Doc. 38-2* at 5-15 and 19-23]. Defendant objects to the extent these requests are seeking privileged information. *Id.* and [*Doc. 50* at 6 and 8-9]. Plaintiff contends that Defendant has waived its privilege objection because its privilege log was submitted too late. [*Doc. 115* at 4-6].[3]

Defendant served its responses to Plaintiff's discovery requests on April 10, 2012 [*Doc. 24*], and produced its privilege log as Exhibit B to its response [*Doc. 52-2*] to Plaintiff's motion to compel responses to Plaintiff's interrogatories [*Doc. 37*] on May 16, 2012. Federal Rule of Civil Procedure 26(b)(5) states that "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed -- and do so in a manner that . . . will enable other parties to assess the claim." Plaintiff cites to two unpublished decisions which indicate that a privilege log should be produced at the time a party responds to discovery. [*Doc. 113* at 4] (citing *Carrel v. Davis*, No. 10-4124-RDR, 2011 U.S. Dist. LEXIS 85012, at *7 (D.Kan. Aug. 1, 2011) (unpublished) and *Tom v. S.B., Inc., et al.*, CV 10-1257 LH/WPL (D.N.M. Feb. 10, 2012) (unpublished) (Doc. 81 at 18)). The court in *Carrell*, however, explained that "[a] privilege log is not always necessary as long as the opposing party and the court can assess whether the claimed privilege applies to the document." 2011 U.S. Dist. LEXIS 85012 at *8, n.17. Other

---

[3]The issue of the timeliness of Defendant's privilege log was first raised in ***Plaintiff's Motion to Compel [] Defendant Michael Most Trucking, Inc.'s Answers to Interrogatories*** *(Doc. 37)*, Defendant's response thereto [*Doc. 52*], and Plaintiff's reply thereto [*Doc. 113*]. The Court found that this issue was not proper regarding interrogatories and that it was more appropriately discussed regarding Plaintiff's RFPs. Since the parties did not fully set forth those arguments and authorities in the current motion, response and reply before the court, the Court nonetheless discusses them here, which explains the Courts' references to [*Docs. 37, 52* and *113*].

courts have explained that, while failure to produce a timely privilege log may be viewed as waiver of the privilege, such a harsh penalty is usually reserved for cases where the delay in producing the log was unjustified.   *See High Point Sarl v. Spring Nextel Corp.*, Civil Action No. 09-2269-CM-DJW, 2012 WL 234024, at *4 (D.Kan. Jan. 25, 2012) (finding that a delay of one month after producing documents for production of privilege logs, and a subsequent delay of two months for supplementing the privilege logs, did not constitute waiver of the privilege objection, stating that "[m]inor procedural violations, good faith attempts at compliance and other such circumstances bear against finding waiver") (footnote omitted).   Plaintiff does not allege bad faith on the part of Defendant in the delay in producing the privilege log, and Plaintiff has not demonstrated that a delay of a month for production of Defendant's privilege log was unjustified or caused her any prejudice.   For these reasons, the Court declines to find that Defendant has waived its privilege objection based on a delay in producing its privilege log.   The Court will, therefore, **deny** these requests to the extent they are asking for privileged information that is set forth in Defendant's privilege log.   However, Defendant must produce any responsive information to these requests that is not included in the privilege log **by August 3, 2012**.

### Request for Production No. 65

Plaintiff requests copies of all communications related to any "CSA 2010 Intervention" against any of Defendant's drivers in the past two years.   [*Doc. 38-2* at 16].   After objecting on the grounds of lack of relevance, Defendant states that it does not have any documents responsive to the request.   *Id.* and [*Doc. 50* at 6].   Plaintiff states that Defendant's response suggests that such materials may exist, but they are not in Defendant's actual possession.   [*Doc. 115* at 5].   The Court finds nothing in Defendant's objection or response that suggests that Defendant knows that responsive documents exist, but finds only that Defendant does not possess them.   Defendant stated

in its objection to the request that "it has no documents responsive to this request."  [*Doc. 38-2* at 16].  Plaintiff fails to show that there is any reason to think either that such documents exist or that they can be obtained only by Defendant.  The Court, therefore, will **deny** this request.

The Court cautions Defendant that its use of boilerplate, blanket objections are improper.  *See Oleson v. K-mart Corp.*, 175 F.R.D. 570, 571 (D. Kan. 1997) ("The objecting party has the burden to substantiate its objections. . . . The objecting party must specifically show how each discovery request is overly broad, burdensome or oppressive by submitting affidavits or offering evieence revealing the nature of the burden") (citations omitted) .  A proper objection is one that is tailored to the individual discovery request, not a conclusory objection such as "vague," "ambiguous," "overly broad" or "unduly burdensome" which neglects to say why the discovery request is subject to that objection.

### Request for Production No. 70

This request asks for copies of industry guidelines and/or practices upon which Defendant relies to support its contentions in the case.  [*Doc. 38-2* at 17].  Defendant objects stating that the request seeks privileged information, is overly broad and unduly burdensome, and asks for a narrative of Defendant's case.  *Id.* and [*Doc. 50* at 7].  The Court does not agree that a request for copies of industry guidelines and/or practices is privileged, overly broad, unduly burdensome, or asks for a narrative of Defendant's case.  As Plaintiff clarified in her reply, she is simply seeking copies of any industry standards, guidelines or practices upon which Defendant may rely in defense of its case.  [*Doc. 115* at 5].  The Court, therefore, will **grant** this request and Defendant shall respond to the request **by August 3, 2012**.

### Request for Production No. 80

Plaintiff seeks "[a]ll correspondence and other communication of any kind between [Defendant] and any other Defendant to this Action." [*Doc. 38-2* at 18]. Defendant objects on the basis of work product privilege and because the request is overly broad and not limited in scope to the time of the events or the subject matter of the lawsuit. *Id.* and [*Doc. 50* at 7]. The Court agrees that this request is overly broad as written. The Court, therefore, will **deny** this request to the extent it asks for privileged information or information outside the scope of this lawsuit. To the extent Defendant has any correspondence, limited to correspondence relevant to the subject matter of this lawsuit, between Defendant and any other Defendant that is not privileged, Defendant shall produce such correspondence to Plaintiff **by August 3, 2012**.

### Request for Production No. 82

This request seeks copies of all documents and materials which support any contention that the incident was the fault of anyone other than the Defendants. [*Doc. 38-2* at 19]. Defendant initially objected to the request on the basis that it asks for privileged information (*id.* at 19-20), but, in its response to this motion, Defendant states that it has already produced all of the documents it has that are responsive to this request. [*Doc. 50* at 8]. The issue, therefore, is **moot** and the Court declines to rule on this request in the abstract. The Court, however, will require Defendant to **produce a supplemental response** to this RFP stating that it has no responsive documents **by August 3, 2012**.

### Request for Production No. 83

This request seeks copies of all documents and materials which Defendant intends to introduce as exhibits. [*Doc. 38-2* at 20]. Defendant objected to the request on the basis that it asks for privileged information (*id.* at 20-21), and, in its response to this motion, states that "Defendant

has not made a determination as to all of the exhibits it intends to introduce at trial, and will supplement its response in accordance with the Court's Scheduling Order." [*Doc. 50* at 8]. The Court has explained above that Defendant's privilege log was not untimely; therefore, with the exception of documents listed as privilege in Defendant's privilege log, the Court instructs Defendant to produce any documents it now knows may be used as an exhibit **by August 3, 2012** and to supplement its response with any additional exhibits it intends to use at trial.

### Request for Production No. 84

This request seeks copies of all documents and materials which support Defendant's claims. [*Doc. 38-2* at 21]. Defendant objected to the request on the basis that it asks for privileged information (*id.* at 21-22), and, in its response to this motion, contends that the request is premature at this stage of the case. [*Doc. 50* at 9]. The Court has explained above that Defendant's privilege log was not untimely; therefore, with the exception of documents listed as privilege in Defendant's privilege log, the Court instructs Defendant to produce any documents it now has that are responsive to this request **by August 3, 2012** and will supplement this response with any additional documents responsive to this request as they become available to Defendant.

### Request for Production No. 85

This request seeks copies of all documents and materials which support Defendant's denial of any of Plaintiff's Requests for Admission. [*Doc. 38-2* at 22]. Defendant objected to the request on the basis that it asks for privileged information, and referred to documents it produced in response to Plaintiff's RFPs and to the police report of the incident. *Id.* at 22-23. In its response to the motion to compel, Defendant states that the request is cumulative because the basis for Defendant's denials to Plaintiff's Requests for Admission are set forth in Defendant's responses to

the Requests for Admission.  [*Doc. 50* at 9].  The Court finds that this response is reasonable and will **deny** this request.

      **IT IS THEREFORE ORDERED** that, for the reasons set forth above, ***Plaintiffs' Motion to Compel Defendant Michael Most Trucking, Inc.'s Responses to Requests for Production (Doc. 38)*** is **GRANTED in part** and **DENIED in part** as follows:

      1.     Defendant shall produce **by August 3, 2012** information responsive to Request for Production Nos. 1, 5-7, 11, 14, 16, 18, 22, 24-26, 28, 31, 34-37, 40, 42-45, 47 and 60, as Defendant agreed to in its response to the motion to compel;

      2.     Defendant shall supplement its responses to Request for Production Nos. 39 and 82 as indicated herein **by August 3, 2012**;

      3.     Defendant shall produce **by August 3, 2012** information responsive to Request for Production Nos. 46, 48, 50-59, 70, 80, 83 and 84, exclusive of privileged information included in Defendant's privilege log; and

      4.     Plaintiff's motion to compel is **DENIED** as to Request for Production Nos. 3, 4, 32, 33, 65, and 85.

      **IT IS SO ORDERED.**

                                        _Lourdes A. Martínez_
                                        **LOURDES A. MARTÍNEZ**
                                        **UNITED STATES MAGISTRATE JUDGE**