IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**NOREEN SALAZAR, Individually, and as**
**Wrongful Death Personal Representative of**
**THE ESTATE OF JOSEPH PORTILLO,**

      **Plaintiff,**

v.                                                        **No. 12cv0053 MV/LAM**

**GINA BOCANEGRA, et al.,**

      **Defendants.**

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO TEST THE SUFFICIENCY OF RESPONSES TO REQUESTS FOR ADMISSION [Doc. 39]

**THIS MATTER** is before the Court on *Plaintiff's Motion to Test the Sufficiency of Defendant Michael Most Trucking, Inc.'s Responses to Plaintiff Noreen Salazar's First Req[u]est for Admissions (Doc. 39)*, filed April 30, 2012. Defendant Michael Most Trucking, Inc. (hereinafter "Defendant") filed its response on May 15, 2012 [*Doc. 49*], and Plaintiff filed her reply on July 10, 2012[1] [*Doc. 117*]. Having considered the parties' submissions, the record of the case, and relevant law, the Court **FINDS** that *Plaintiff's Motion to Test the Sufficiency of Defendant Michael Most Trucking, Inc.'s Responses to Plaintiff Noreen Salazar's First Req[u]est for Admissions (Doc. 39)* shall be **GRANTED in part** and **DENIED in part**.

---

[1] On May 18, 2012, then-counsel for Defendants Bocanegra and Michael Most Trucking filed an opposed motion [*Doc. 66*] to stay responses to then-pending discovery requests and this motion to compel, on the grounds that a conflict had arisen between these two Defendants. The Court granted the stay to allow the parties to engage in private mediation, which was not successful, and gave the parties until ten days after new counsel for Defendant Michael Most Trucking entered an appearance in which to file replies to this motion to compel. *See* [*Docs. 80* and *100*].

This case arises from a motor vehicle accident involving Defendant's employee[2] who was driving a commercial tractor/trailer on Interstate 25, the tractor/trailer had mechanical problems and was going very slowly on the Interstate, and Plaintiff's son collided with the tractor/trailer and died from his injuries.  [*Doc. 39* at 1-2].  In her motion, Plaintiff asks the Court to strike Defendant's objections to Plaintiff's Request for Admission ("RFA") Nos. 11, 12, 14, 15, 17-19, and 21-29, a copy of which is attached at [*Doc. 39-1* at 1-6], and either deem those RFAs admitted or compel additional information from Defendant to support its denials.  [*Doc. 39* at 4-6].  In its response, Defendant states that it has agreed to supplement its response to RFA No. 23, and that the rest of its responses are sufficient.  [*Doc. 49* at 1-2] (citing *Doc. 49-1*).  Plaintiff does not mention RFA No. 23 in her reply, so presumably Defendant has supplemented its response to that RFA and it is no longer at issue.  The Court will consider the remaining disputed RFAs as follows:

### Request for Admission Nos. 11 and 12

RFA Nos. 11 and 12, respectively, ask Defendant to admit that Defendant Bocanegra "was operating the tractor-trailer as trained by Defendant Michael Most Trucking" and that Defendant Bocanegra "was not operating the tractor-trailer in the method as trained by Defendant Michael Most Trucking."  [*Doc. 39-1* at 3].  Defendant objected to the RFA on the basis that Defendant Bocanegra was not trained as a commercial transport driver by Defendant Michael Most Trucking, and because the terms "operation," "decision, maneuver, act, etc." are not specified.  *Id.*

Federal Rule of Civil Procedure 36 permits parties to serve upon other parties "a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described

---

[2]The driver was Defendant Bocanegra and Defendants Michael Most Trucking and Desert Trailer Systems owned the commercial tractor and trailer, respectively, that was involved in the accident.

documents." Fed. R. Civ. P. 36(a)(1).  A responding party may answer or object to a request for admission.  Fed. R. Civ. P. 36(a)(5).  If an objection is made, however, "[t]he grounds for objecting to a request must be stated."  *Id.*  "The requesting party may move to determine the sufficiency of an answer or objection," and , "[u]nless the court fiinds an objection justified, it must order that an answer be served."  Fed. R. Civ. P. 36(a)(6).  If the court determines that an answer does not comply with the requirements of this rule, it "may order either that the matter is admitted or that an amended answer be served."  *Id.*  The question of sufficiency refers to the specificity of the response, not whether the response is correct or made in good faith, and the burden is on the objecting party, who must show that the objection was proper.  STEVEN BAICKER-MCKEE, WILLIAM M. JANSSEN & JOHN B. CORR, FEDERAL RULES CIVIL HANDBOOK (2012) Fed. R. Civ. P. 36, p. 914 (footnote and citations omitted).

The Court finds that Defendant's objections to RFA Nos. 11 and 12 are sufficient because these RFAs imply that Defendant Bocanegra was trained by Defendant Michael Most Trucking, which Defendant claims is not the case.  The Court further finds that the term "operating" is vague because it is not defined by Plaintiff and it can encompass a broad array of actions, *e.g.*, driving, braking, turning, stopping, speed, maneuvering, etc., to name a few.  As this term is used in RFA No. 11, in addition to implying that Defendant Michael Most Trucking trained Defendant Bocanegra, it is unclear whether Plaintiff is asking if Defendant Bocanegra was driving the tractor-trailer, if she was driving it as she had been trained by Defendant Michael Most Trucking, if she was stopping the tractor-trailer as she had been trained, or if she was doing something else involving the tractor-trailer on the date of the incident.  There are simply too many ambiguities absent a clear definition as to what Plaintiff meant by the term.  Similarly, the term "method" in RFP No. 12 is also vague because, in addition to implying that Defendant Bocanegra was trained by

Defendant Michael Most Trucking, it is unclear if there are multiple methods of operating a tractor-trailer and if Plaintiff is asking about a certain type of operation that is not specified. The Court, therefore, finds that Defendant's objections to these RFAs are sufficient.

### Request for Admission Nos. 14, 15, 17, 18, 19, 21, 22 and 24-29

Defendant denied each of these RFAs and included explanations regarding its denials. *See* [*Doc. 39-1* at 3-6]. Plaintiff contends that Defendant's responses are contradicted by other evidence in the case, so the Court should deem the RFAs admitted. *See* [*Doc. 39* at 4-6] and [*Doc. 117* at 2-4]. Defendant contends that its "unequivocal denials" cannot be challenged at this time but, instead, can be tested at trial. [*Doc. 49* at 5-6]. Defendant asks for the costs associated with having to respond to the motion. *Id.* at 6.

Federal Rule of Civil Procedure 36(a) permits the following responses to RFAs: (1) an objection on the grounds that the requested matter is beyond the scope of discovery permitted by Fed. R. Civ. P. 26(b)(1); (2) an admission; (3) a denial; (4) a detailed explanation why the matter can be neither admitted nor denied; or (5) a good faith qualified admission or denial that admits certain matters, if possible, but denies or gives a qualified answer to the rest. *See National Semiconductor Corp. v. Ramtron Intern'l Corp.*, 265 F.Supp.2d 71, 73 (D.D.C. 2003). When a party makes an admission or denial that the other party disputes, the remedy to the requesting party is to prove the truth of what was not admitted at trial and then move the Court for its reasonable expenses incurred in making that proof, including reasonable attorney fees. *See* Fed. R. Civ. P. 37(c)(2) and *National Semiconductor Corp.*, 265 F.Supp.2d at 74-75 ("[T]he validity, or *bona fides*, [or truthfulness or legal legitimacy], of a qualified answer to a request for admission must await the trial to see if the party forced to prove what was not admitted can meet the requirements of [Rule 37].") (citation omitted). The Court cannot force Defendant to admit any fact in this case. Defendant

acknowledges that it is "running the risk that if [Plaintiff] proves all those facts, [it] will have to pay for it, unless [it] can escape under the auspices of Fed. R. Civ. P. 37(c)(2)." *Id.* at 74; *see* [Doc. 49 at 6].

While Defendant states that it has made "unequivocal denials" of these RFAs, that is clearly not the case since each RFA contains an explanation, indicating that Defendant admits part of the RFA, but denies or gives a qualified answer to the rest. The Court finds, however, that Defendant's qualification to its response to RFA No. 15 should be stricken because it is irrelevant to the RFA. RFA No. 15 asks Defendant to admit or deny that Defendant Bocanegra was operating a tractor-trailer on Interstate 25 on the date of the incident at a speed of 15 to 20 mph. [Doc. 39-1 at 3]. Defendant denied this with a qualification that: "The trailer in question was operational but suffering mechanical problems." *Id.* The Court finds that this qualification is unrelated to the substance of the RFA, which was Defendant Bocanegra's speed, not whether the trailer was operational. The Court, therefore, shall **strike** this qualification, and Defendant's denial shall stand on its own.

With regard to the rest of the RFAs at issue -- RFA Nos. 14, 17, 18, 19, 21, 22 and 24-29 -- the Court will not compel any further response by Defendant regarding these RFAs since it has made qualified denials, which are clearly allowed under Rule 36. *See Harris v. Koenig*, 271 F.R.D. 356, 373-74 (D.D.C. 2010) (explaining that qualified answers to RFAs are permitted by Rule 36, and that the plaintiffs in that case are "missing the irony that they are 'objecting' to getting more information than they would get if [Defendant] had, as was its right, simply denied the request"). Here, Defendant, with the exception of its response to RFA No. 15, denied these requests with an explanation or qualification as permitted by the rules. "[G]iven that it is unreasonable to expect that one party can always accept the other party's characterization of an event, the rule

permits a party to qualify its answer, which is exactly what [Defendant] has done." *Id.* at 374. If Plaintiff can prove at trial the truth of those portions of these RFAs that Defendant does not admit, her remedy can be found in Rule 37 at that time. *See* STEVEN BAICKER-MCKEE, WILLIAM M. JANSSEN & JOHN B. CORR, FEDERAL RULES CIVIL HANDBOOK (2012) Fed. R. Civ. P. 36, p. 935 ("If a party fails to admit a matter that another party subsequently proves at trial, the other party can move after trial for its reasonable expenses, including a reasonable attorney fee, incurred in proving the matter.") (footnote and citations omitted). The Court, therefore, will deny Plaintiff's motion for these RFAs. The Court will also deny Defendant's request for costs associated with responding to the motion because Defendant failed to properly follow Fed. R. Civ. P. 36(a) by failing to specify that it was admitting certain matters and denying the rest, by failing to address in its answer the substance of RFA No. 15, and because Defendant claimed that it made unequivocal denials, when it actually has made qualified denials. The Court finds that Defendant could have been clearer in its responses, so the Court will not award costs.

**IT IS THEREFORE ORDERED** that, for the reasons set forth above, ***Plaintiff's Motion to Test the Sufficiency of Defendant Michael Most Trucking, Inc.'s Responses to Plaintiff Noreen Salazar's First Req[u]est for Admissions*** *(Doc. 39)* is **GRANTED** as to RFA 15, and Defendant's qualification for that RFA is deemed stricken and Defendant's denial stands alone as Defendant's response; and is **DENIED** as to the remaining RFAs.

**IT IS SO ORDERED.**

                                                        _____
                                                        **LOURDES A. MARTÍNEZ**
                                                        **UNITED STATES MAGISTRATE JUDGE**