IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**NOREEN SALAZAR, Individually, and as
Wrongful Death Personal Representative of
THE ESTATE OF JOSEPH PORTILLO,**

      **Plaintiff,**

**v.**                                                         **No. 12cv0053 MV/LAM**

**GINA BOCANEGRA, et al.,**

      **Defendants.**

# ORDER DENYING DEFENDANT BOCANEGRA'S MOTION TO TEST THE SUFFICIENCY OF PLAINTIFF'S RESPONSES TO REQUESTS FOR ADMISSION [Doc. 46]

**THIS MATTER** is before the Court on *Defendant's Motion to Test the Sufficiency of Plaintiff Noreen Salazar's Responses to Defendant Gina Bocanegra's First Request for Admissions (Doc. 46)*, filed by Defendant Bocanegra on May 4, 2012. Plaintiff filed her response on May 18, 2012 [*Doc. 67*]. No reply has been filed and the time for doing so has passed.[1] Having considered the parties' submissions, the record of the case, and relevant law, the Court **FINDS** that *Defendant's Motion to Test the Sufficiency of Plaintiff Noreen Salazar's Responses to Defendant Gina Bocanegra's First Request for Admissions (Doc. 46)* shall be **DENIED**.

---

[1]On May 18, 2012, then-counsel for Defendants Bocanegra and Michael Most Trucking filed an opposed motion [*Doc. 66*] to stay responses to then-pending discovery requests and this motion to compel, on the grounds that a conflict had arisen between these two Defendants. The Court granted the stay to allow the parties to engage in private mediation, which was not successful, and gave the parties until ten days after new counsel for Defendant Michael Most Trucking entered an appearance in which to file replies to this motion to compel. *See* [*Docs. 80* and *100*]. New counsel for Defendant Michael Most Trucking entered his appearance on June 21, 2012. [*Doc. 112*].

This case arises from a motor vehicle accident involving Defendant Bocanegra who was driving a commercial tractor/trailer on Interstate 25, the tractor/trailer had mechanical problems and was going very slowly on the Interstate, and Plaintiff's son collided with the tractor/trailer and died from his injuries. [*Doc. 46* at 1] and [*Doc. 67* at 1-2]. In her motion, Defendant Bocanegra asks the Court to strike Plaintiff's objections contained in Plaintiff's responses to Defendant Bocanegra's Request for Admission ("RFA) Nos. 4 and 5, "deeming them improperly denied and therefore admitted and/or compelling production of answers and evidence purporting Plaintiff's denials." [*Doc. 46* at 3]. Defendant Bocanegra responds that her responses to those RFAs are proper. The Court agrees as to RFA No. 4.

### Request for Admission No. 4

RFA No. 4 asks Plaintiff to admit that the decedent is comparatively at fault for the accident and resulting damages. [*Doc. 46-1* at 2]. Plaintiff denied the RFA and stated that "Defendants Bocanegra's, Michael Most's and Desert Trailer System's actions and/or inactions caused and/or contributed to the accident and resulting damages." *Id.* Defendant Bocanegra contends that this response is improper because the State of New Mexico Accident Report and evidence that has been collected contradict Plaintiff's denial. [*Doc. 46* at 3].

As previously explained in the Court's order regarding Plaintiff's motion to test the sufficiency of Defendant Michael Most Trucking's responses to Plaintiff's RFAs [*Doc. 121*], Federal Rule of Civil Procedure 36(a) permits the following responses to RFAs: (1) an objection on the grounds that the requested matter is beyond the scope of discovery permitted by Fed. R. Civ. P. 26(b)(1); (2) an admission; (3) a denial; (4) a detailed explanation why the matter can be neither admitted nor denied; or (5) a good faith qualified admission or denial that admits certain matters, if possible, but denies or gives a qualified answer to the rest. *See National Semiconductor Corp. v.*

*Ramtron Intern'l Corp.*, 265 F.Supp.2d 71, 73 (D.D.C. 2003).  When a party makes an admission or denial that the other party disputes, the remedy to the requesting party is to prove the truth of what was not admitted at trial and then move the Court for its reasonable expenses incurred in making that proof, including reasonable attorney fees.  *See* Fed. R. Civ. P. 37(c)(2) and *National Semiconductor Corp.*, 265 F.Supp.2d at 74-75 ("[T]he validity, or *bona fides*, [or truthfulness or legal legitimacy], of a qualified answer to a request for admission must await the trial to see if the party forced to prove what was not admitted can meet the requirements of [Rule 37].") (citation omitted).  The Court cannot force Plaintiff to admit any fact in this case.  Plaintiff acknowledges that it is "running the risk that if [Defendant Bocanegra] proves all those facts, [she] will have to pay for it, unless [she] can escape under the auspices of Fed. R. Civ. P. 37(c)(2)."  *Id.* at 74; *see* [*Doc. 49* at 6].  The Court will not compel any further response by Plaintiff regarding RFA No. 4 since her qualified denial is allowed under Rule 36.  *See Harris v. Koenig*, 271 F.R.D. 356, 373-74 (D.D.C. 2010) (explaining that qualified answers to RFAs are permitted by Rule 36, and that the plaintiffs in that case are "missing the irony that they are 'objecting' to getting more information than they would get if [Plaintiff] had, as was its right, simply denied the request").  "[G]iven that it is unreasonable to expect that one party can always accept the other party's characterization of an event, the rule permits a party to qualify its answer, which is exactly what [Defendant] has done."  *Id.* at 374.  If Defendant Bocanegra can prove at trial the truth of RFA No. 4, her remedy can be found in Rule 37 at that time.  *See* STEVEN BAICKER-MCKEE, WILLIAM M. JANSSEN & JOHN B. CORR, FEDERAL RULES CIVIL HANDBOOK (2012) Fed. R. Civ. P. 36, p. 935 ("If a party fails to admit a matter that another party subsequently proves at trial, the other party can move after trial for its reasonable expenses, including a reasonable attorney fee, incurred in proving the matter.") (footnote and citations omitted).  Accordingly, Defendant Bocanegra's motion is **denied** as to RFA No. 4.

**Request for Admission No. 5**

Defendant Bocanegra fails to attach Plaintiff's response to RFA No. 5, which violates the Court's Local Rule 37.1(b) ("A party seeking relief pursuant to FED. R. CIV. P. 26(c) or (37)(a) must attach to the motion a copy of: (a) the . . . request for admission; and (b) the response or objection thereto."). The Court is unable to rule on this portion of the motion because it does not know what response Plaintiff provided to RFA No. 5. Defendant Bocanegra's motion, therefore, is **denied** as to RFA No. 5.

**IT IS THEREFORE ORDERED** that, for the reasons set forth above, *Defendant's Motion to Test the Sufficiency of Plaintiff Noreen Salazar's Responses to Defendant Gina Bocanegra's First Request for Admissions (Doc. 46)* is **DENIED**.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**